**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 26-4047

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERMAR HARDIN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:15-cr-00255-MOC-DCK-1)

Submitted:  August 3, 2026                          Decided:  August 7, 2026

Before WILKINSON and AGEE, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Chiege O. Kalu Okwara, Charlotte, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Julia K. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jermar Hardin appeals the district court's order revoking his supervised release and sentencing him to 12 months' imprisonment. On appeal, he contends that the district court erred by revoking his supervised release and that the revocation sentence is procedurally unreasonable. We affirm.

Hardin first argues that the district court erred by finding he committed a violation of the conditions of his supervised release ("Violation 1") because the Government had agreed not to proceed on that violation and because the violation is not supported by sufficient evidence. We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. George*, 95 F.4th 200, 208 (4th Cir. 2024).

A district court may revoke a defendant's supervised release if, after following the procedures set forth in Fed. R. Crim. P. 32.1, it "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). Under Rule 32.1, before the district court revokes a defendant's supervised release, the defendant is entitled to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

Fed. R. Crim. P. 32.1(b)(2). Upon finding a defendant committed a violation for which revocation is not mandatory, "the court should conduct an individualized assessment,

2

taking into consideration the grade of the violation, to determine whether to revoke supervised release." U.S. Sentencing Guidelines Manual § 7C1.3(b), p.s. (2025). Our review of the record confirms that the district court followed all the required procedures and did not err in finding Hardin committed Violation 1.

Hardin also asserts that his sentence is procedurally unreasonable because the district court considered a prohibited factor when formulating the revocation sentence. Because Hardin did not raise this issue below, our review is for plain error. *See Esteras v. United States*, 606 U.S. 185, 202 (2025). To prevail under this standard, Hardin "must show that an error occurred, it was plain, it affected his substantial rights, and it seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Olson*, 114 F.4th 269, 273 (4th Cir. 2024). Considering the district court's entire explanation for the revocation sentence, we conclude that any error did not affect Hardin's substantial rights. *See Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018) (explaining defendant can establish error affected his substantial rights by showing "a reasonable probability that, but for the error, the outcome of the proceeding would have been different" (internal quotation marks omitted)).

We therefore affirm the revocation judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3